STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. MARK D. KRATINA, RESPONDENT.

620 N.W. 2d 748

Filed January 5, 2001. No. S-00-1095.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

The Committee on Inquiry of the Second Disciplinary District of the Nebraska State Bar Association (Committee) charged respondent, Mark D. Kratina, on October 20, 2000, with violating his oath of office as an attorney and the following provisions of the Code of Professional Responsibility, Canon 1, DR 1-102(A)(1) and (5), and Canon 9, DR 9-102, which provide as follows:

DR 1-102 Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

. . . .

(6) Engage in any other conduct that adversely reflects on his or her fitness to practice law.

. . . .

DR 9-102 Preserving Identity of Funds and Property of a Client.

(A) All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable bank or savings and loan association accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1) Funds reasonably sufficient to pay account charges may be deposited therein.

(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

On November 22, 2000, respondent filed with this court a conditional admission of guilt as to the formal charges to which relator stipulated.

Respondent was duly admitted to the practice of law in the State of Nebraska on July 2, 1976. Since that time, and at all times relevant to these proceedings, respondent was engaged in the practice of law in Omaha, Nebraska, and maintained a trust account at the First National Bank of Omaha.

In May 1999, the Counsel for Discipline received a complaint regarding respondent's trust account. The Counsel for Discipline filed charges with the Committee on April 17, 2000, alleging four counts of violating DR 1-102(A)(1) and (6) and DR 9-102(A). The Committee held a hearing on July 19 and subsequently determined that it would file formal charges in connection with one of the four counts. The disposition of the other three counts is not before this court. On October 20, 2000, the Committee filed formal charges with this court, alleging that Kratina had failed to maintain a balance in his trust account equal to or greater than his obligation to a client whose funds had been deposited in the account. The formal charges state that settlement proceeds from the client's case were subsequently disbursed from Kratina's trust account. We note that although the formal charges allege that Kratina failed to retain adequate funds in his trust account, there was no allegation that Kratina's client suffered a loss.

Respondent filed a conditional admission of charges with this court on November 22, 2000. In his conditional admission, respondent states as follows:

[During the relevant time period] Respondent believed he had adequate funds in his trust account to cover all obli-

gations to his clients and their health care providers but does acknowledge what the bank records show. As mitigating factors, Respondent submits that: he maintained a trust account as required; all his clients' funds were deposited into the trust account; he maintained a trust account ledger which identified these funds; at the conclusion of each case Respondent provided his client with an itemized settlement sheet; all clients and health care providers were paid as indicated on the settlement sheets; Respondent did not receive any fees before they were earned; Respondent did not receive any reimbursement for costs before he was entitled to them; Respondent has demonstrated that subsequent clients' funds were not used to satisfy the obligations owing to [the client] or other clients; and that the records show his bank is not infallible in that it had over-charged Respondent ($1,200.00 for a $12.00 service charge as reflected in the June, 1999 bank statement). Respondent, in November of 1999, installed a computer system to monitor his trust account which will insure there will never be an imbalance in this trust account in the future.

[Relator] states that Respondent has cooperated fully with its investigation of his trust account.

The conditional admission includes a stipulation between respondent and the Counsel for Discipline regarding the proper discipline to be imposed in this case. Respondent and relator agreed in the stipulation that in view of the fact that no misappropriations had been shown and the discrepancy in the account occurred due to mere negligence, the appropriate discipline in this case should be a public reprimand and order that respondent retain, at his expense, an accountant to audit his trust account every 6 months, for a period of 2 years, and submit the result of those audits to the Counsel for Discipline. Compare *State ex rel. NSBA v. Gleason*, 248 Neb. 1003, 540 N.W.2d 359 (1995).

Based on the conditional admission of respondent and the recommendation of the Counsel for Discipline, this court finds by clear and convincing evidence that respondent has violated DR 1-102(A)(1) and (6) and DR 9-102(A) and that respondent should be publicly reprimanded and ordered to retain, at his

expense, an accountant to audit his trust account every 6 months, for a period of 2 years, and submit the result of those audits to the Counsel for Discipline. Thus, respondent is hereby publicly reprimanded for conduct in violation of the Code of Professional Responsibility and his oath of office as a member of the Nebraska State Bar Association and is hereby ordered to retain, at his expense, an accountant to audit his trust account every 6 months, for a period of 2 years from this date, and submit the result of those audits to the Counsel for Discipline.

JUDGMENT OF REPRIMAND.